■ JUNE E. MUNGER, Individually and as Administratrix of the Estate of EUGENE J. MUNGER, Deceased, Appellant, v HEIDER MANUFACTURING CORPORATION et al., Respondents, and CHESTER MACHINE WORKS, INC., Defendant and Third-Party Plaintiff-Respondent. SCOTT PAPER COMPANY, Third-Party Defendant-Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Harvey, J.), entered September 25, 1981 in Washington County, which granted defendants' motions for summary judgment dismissing the complaint. On September 16, 1977, plaintiff's intestate, an employee of third-party defendant Scott Paper Company (Scott), was fatally injured when an arm of a tension roll assembly in a paper machine owned and controlled by Scott fell upon him while he was performing maintenance work on the machine. After issue was joined and examinations before trial were concluded in plaintiff's action against the four corporations that manufactured various components for the paper machine, defendants moved for summary judgment dismissing the complaint. Special Term, finding general agreement among the parties as to the facts, granted defendants' motions for summary judgment and dismissed the complaint. The third-party complaint by one of the defendants against Scott was also dismissed. There must be an affirmance. Contrary to the allegations in the first eight causes of action of the complaint, four sounding in negligence and four in strict products liability, none of defendants was responsible for the design of the paper machine nor for its assembly. The facts, as refined by bills of particulars, examinations before trial, affidavits and oral argument, clearly place the sole responsibility for design and assembly of the machine on Scott, the employer of plaintiff's intestate. Equally clear is that each of the corporate defendants manufactured component parts of the paper machine according to designs created by Scott, and, importantly, each component part manufactured by each defendant was delivered to Scott in accordance with Scott's specifications. The dispositive issue posited by these facts is whether a manufacturer of a component part of an unassembled machine can be held responsible to one who is injured by the malfunction of the assembled unit where, as here, the component was manufactured in accordance with the design, plans and specifications of the owner and such design, plans and specifications do not reveal any inherent danger either in the component or in the assembled unit. We hold such a manufacturer to be blameless. Plaintiff's contention that the corporate manufacturers of component parts of the machine had a duty to foresee that the assembler (Scott) might not post appropriate warnings of dangerous moving parts, and the fact that Scott posted no such warnings constituted a breach of that duty entitling plaintiff to a trial, while novel, is completely unpersuasive. The Court of Appeals in *Robinson v Reed-Prentice Div. of Package Mach. Co.* (49 NY2d 471) held that a manufacturer of a product is not liable to an injured party, either on a negligence or strict products liability theory, where, after the product leaves the possession and control of the manufacturer, there is a modification of the product which proximately causes injury. Certainly, if a manufacturer is not chargeable with

the foreseeability of product change or modification when the product is put in use, a component manufacturer cannot be held liable to an injured employee for the failure of the owner and assembler to post warning signs which the component manufacturer is in no position to know are necessary. Here, in the absence of any proof that the component designs were defective or that the parts were wrongfully manufactured, no public policy can be served by imposing liability on a manufacturer of specialized parts of a highly technical machine, particularly when, as here, the parts were created in accordance with the design, plans and specifications of the owner and assembler of the unit. Finally, plaintiff's assertion that the complaint frames an issue as to whether the corporate defendants violated section 200 of the Labor Law in failing to provide a safe place to work is not only wrong, since our review of the complaint reveals that no such cause of action is alleged, but patently inappropriate in these circumstances. Judgment affirmed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.