BRYAN J. LEAHY, Appellant, v MID-WEST CONVEYOR COMPANY, INC., Respondent, and RAY TOOL MANUFACTURING COMPANY, Defendant and Third-Party Plaintiff-Respondent. OWENS-CORNING FIBERGLASS CORPORATION, Third-Party Defendant-Respondent.

Third Department, October 30, 1986

## APPEARANCES OF COUNSEL

*Lee, LeForestier, Malone & Hanft, P. C. (Richard A. Hanft* of counsel), for appellant.

*Francis E. Lehner (Robert D. Wilcox* of counsel), for respondent.

*James L. Pemberton* for defendant and third-party plaintiff-respondent.

## OPINION OF THE COURT

MAIN, J.

Sometime prior to July 21, 1978, third-party defendant Owens-Corning Fiberglass Corporation (Owens-Corning) contracted with defendants Mid-West Conveyor Company, Inc. (Mid-West) and Ray Tool Manufacturing Company (Ray), among other manufacturers, for the manufacture of conveyors to be used at various Owens-Corning plants throughout the country. Owens-Corning provided the designs and specifications for the conveyors, and the respective manufacturers built the conveyors according to those specifications. The specifications did not call for the installation of any electrical components in either conveyor, and neither defendant was provided with the specifications for the entire conveyor system proposed by Owens-Corning. Ray built a 150-foot-long extension conveyor, while Mid-West built a 20-foot-long infeed conveyor. These conveyors were incorporated into a 500-foot-long conveyor system designed by Owens-Corning and installed in, among other locations, its plant in the Town of Bethlehem, Albany County. The conveyors manufactured by defendants were placed together in the system and, to bridge the space between the two conveyors, Owens-Corning placed a freestanding roller between the conveyors, thus facilitating the passage of material from the infeed conveyor to the

extension conveyor. The placement of the conveyors and roller in this manner created a "nip point".

Plaintiff, an Owens-Corning employee, was injured on July 21, 1978 when, while attempting to unjam the production line, he stepped between the freestanding roller and one of the conveyors and his left leg became trapped. He then commenced this action against Mid-West and Ray,* alleging causes of action in strict products liability and breach of the implied warranties of merchantability and fitness for a particular purpose. Finding that defendants, as component part manufacturers, did not create the conditions responsible for plaintiff's injury, Special Term granted defendants' motions for summary judgment.

We find, as did Special Term, that this case falls within the rule this court set forth in *Munger v Heider Mfg. Corp.* (90 AD2d 645). In *Munger,* we stated that, where a component part manufacturer produces a product in accordance with the design, plans and specifications of the buyer and such design, plans and specifications do not reveal any inherent danger in either the component part or the assembled unit, the component part manufacturer will be held blameless for an injury to the buyer's employee in a strict products liability action. Here, defendants manufactured their conveyors in accordance with Owens-Corning's design and specifications. Further, plaintiff had not shown that the design and specifications submitted by Owens-Corning to defendants revealed inherent dangers in the component parts. Contrary to plaintiff's assertions, the evidence shows that neither conveyor in and of itself created the "nip point"; instead, Owens-Corning's placement of the conveyors in conjunction with the freestanding roller created the "nip point". Since defendants were not provided with the design and specifications of the entire conveyor system, the plans and specifications Owens-Corning did provide would not have revealed this possible inherent danger.

While a manufacturer ordinarily is in the best position to know the dangers inherent in its product and determine which safety features should be employed, this principle does not apply when potential dangers vary according to the use of a product *(see, Rosado v Proctor & Schwartz,* 66 NY2d 21, 26).

---

* Mid-West and Ray asserted cross claims against each other, and Ray commenced a third-party action against Owens-Corning for indemnification or contribution. Owens-Corning then asserted cross claims against Mid-West and counterclaims against Ray.

In this case, Owens-Corning designed the entire conveyor system, as well as the component conveyors manufactured by defendants, and thus was in the best position to determine the proper installation of safety features. Since neither defendant was aware of Owens-Corning's plans and specifications for the entire system, and in fact neither was required to install any electrical components into their component conveyors, defendants could not be required to anticipate safety features appropriate for the entire conveyor system. Accordingly, since both defendants manufactured their conveyors following Owens-Corning's plans and specifications, and since that design did not reveal inherent dangers, defendants were entitled to summary judgment on the issue of strict liability.

We are similarly persuaded that defendants were entitled to summary judgment on the issues of implied warranty. Since defendants, the sellers, built the conveyors according to the exact specifications of Owens-Corning, the buyer, no warranty of fitness for a particular purpose arose *(see, Millens & Sons v Vladich,* 28 AD2d 1045, 1046, *affd* 23 NY2d 998). Further, to the extent that the alleged breach of the warranty of merchantability relates to the design of the conveyors, and since the buyer was responsible for that design, no warranty of merchantability arose *(cf. Icelandic Airlines v Canadair, Ltd.,* 104 Misc 2d 239, 247). Therefore, we find that Special Term correctly dismissed plaintiff's complaint.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and HARVEY, JJ., concur.

Order affirmed, without costs.