■ Lucinda Dingle, Respondent, v Pergament Home Centers, Inc., Sued Herein as Pergament, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), dated June 23, 1987, as, upon granting its motion to vacate its

default in appearing and answering, directed it to pay the plaintiff's attorneys the sum of $500.

Ordered that the order is affirmed insofar as appealed from, with costs, and the defendant's time to pay the $500 is extended until 30 days after the service upon it of a copy of this decision and order, with notice of entry.

Under the circumstances of this case, we conclude that the Supreme Court acted properly in imposing a monetary sanction upon the defendant as a condition of vacating its prior default (see, Berlin v Schlotthauer, 117 AD2d 768; Mineroff v Macy's & Co., 97 AD2d 535).

The defendant's claim that the Supreme Court acted improperly in conditioning its vacatur order upon the defendant's waiver of its defense of lack of personal jurisdiction is not properly before this court by reason of the fact that its notice of appeal specifically limited the appeal to that part of the order which imposed monetary sanctions on the defendant. "An appeal from only part of an order constitutes a waiver of the right to appeal from the other parts of that order" (Royal v Brooklyn Union Gas Co., 122 AD2d 132, 133; CPLR 5515 [1]). Mollen, P. J., Lawrence, Weinstein and Balletta, JJ., concur.