■ EMILIA E. JEMMOTT et al., Appellants, v ROCKWELL MANUFACTURING Co., POWER TOOLS DIVISION, et al., Defendants, and COMMANDER MULTI-DRILL, DIVISION OF REYNOLDS MACHINE AND TOOL CORP., Respondent. (And a Third-Party Action.) [628 NYS2d 184] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ramirez, J.), entered February 4, 1994, which granted the motion of the defendant Commander Multi-Drill, Division of Reynolds Machine and Tool Corp. for summary judgment dismissing the complaint, cross claims, and counterclaims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Emilia E. Jemmott suffered a severe injury to the fourth finger of her left hand when it was caught in a drill press machine owned by her employer, the third-party defendant Artex Green Corporation. The plaintiffs commenced this action, *inter alia*, to recover damages based on strict products liability against the defendant Commander Multi-Drill, Division of Reynolds Machine and Tool Corp. (hereinafter RMT), among others. The plaintiffs claimed, *inter alia*, that a component part of the drill press manufactured by RMT, the multi-spindle drill unit, was defective because it did not contain a guard in violation of the regulations of the Occupational Safety and Health Administration (hereinafter OSHA) or the standards set by the American National Standards Institute (hereinafter ANSI). RMT's motion for summary judgment was granted by the Supreme Court, which determined that the plaintiffs failed to indicate how RMT violated either the OSHA regulations or the ANSI standards.

In searching this record, we find that the multi-spindle drill unit supplied by RMT is not shown to be defective in design or specifications *(see, Leahy v Mid-West Conveyor Corp.,* 120 AD2d 16; *Munger v Heider Mfg. Corp.,* 90 AD2d 645). No triable issue of fact is raised by the plaintiffs' expert, William Burrill, who, in a conclusory affidavit, opined that the proximate cause of Emilia E. Jemmott's injuries was the improper guarding of the drill press itself at the point where her hand came into contact with the work zone of the press *(see, Amatulli v Delhi Constr. Corp.,* 77 NY2d 525; *Moore v Deere & Co.,* 195 AD2d 1044).

While ANSI standards *(see, Sawyer v Dreis & Krump Mfg. Co.,* 67 NY2d 328) and OSHA regulations *(see, Feiner v Calvin Klein, Ltd.,* 157 AD2d 501) may be indicative of what may con-

stitute negligence, neither is dispositive. OSHA regulations are not applicable here, in any event, since those regulations generally govern employee/employer relationships, not strict products liability actions between employees and manufacturers *(see, Berzaghi v Maislin Transp.,* 115 AD2d 679; *see also, McHargue v Stokes Div.,* 912 F2d 394; *Pelleschi v City of Rochester,* 198 AD2d 762). Furthermore, ANSI standards are not relevant to causes of action grounded in strict products liability *(see, e.g., Rexrode v American Laundry Press Co.,* 674 F2d 826, *cert denied* 459 US 862). Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.