■ SHAWN BUTLER et al., Respondents, v INTERLAKE CORPORATION, Appellant, et al., Defendant. [665 NYS2d 192] —Order unanimously reversed on the law without costs, motion granted and complaint against defendant The Interlake Corporation dismissed. Memorandum: Supreme Court erred in denying the motion of defendant The Interlake Corporation (Interlake) for summary judgment dismissing the complaint against it. Shawn Butler (plaintiff), a product selector for third-party defendant, Wegmans Food Markets (Wegmans), was stacking products in a Wegmans warehouse when a thousand pounds of boxed cereal from an adjacent rack fell on him, causing him to sustain

injuries. The court should have dismissed the second, fifth and eighth causes of action, which allege that Interlake, a manufacturer of reusable component parts for warehouse racking systems, was negligent or grossly negligent in designing, testing, or selling the component parts, and also should have dismissed the 10th cause of action, which alleges that Interlake is strictly liable for selling defective racking. Interlake met its initial burden, and plaintiffs failed to raise an issue of fact whether Interlake was negligent or strictly liable for its component parts, i.e., whether Interlake's component parts were defective or unreasonably dangerous for their intended use (see, Robinson v Reed-Prentice Div., 49 NY2d 471, 479; Jackson v Bomag GmbH, 225 AD2d 879, 882-883, lv denied 88 NY2d 805).

Further, plaintiffs failed to raise an issue of fact whether Interlake designed or assembled the rack from which the cereal fell or, if not, whether Interlake knew or should have known that the rack as positioned by Wegmans and defendant Aloi Material Handling Co., Inc. (Aloi), would be dangerous due to the absence of easily attachable safety features (see, Fallon v Hannay & Son, 153 AD2d 95, 100; Biss v Tenneco, Inc., 64 AD2d 204, 207-208, lv denied 46 NY2d 711). "While a manufacturer ordinarily is in the best position to know the dangers inherent in its product and determine which safety features should be employed, this principle does not apply when potential dangers vary according to the use of a product" (Leahy v Mid-West Conveyor Co., 120 AD2d 16, 18, lv denied 69 NY2d 606). Interlake established that it generally does not know for what specific purpose its component parts have been ordered, and plaintiffs offered no proof to the contrary. We reject plaintiffs' contention that Interlake had a duty to discover exactly how Aloi and Wegmans intended to use its component parts. The court also should have dismissed the first cause of action, which alleges Interlake's breach of a duty to warn Aloi and Wegmans that it was necessary to use either pallet stops or netting to prevent pallets and products from falling off of the racking system. Interlake established as a matter of law that, although both Aloi and Wegmans were aware that products could fall from the racks and that safety devices were available to prevent that from occurring, they failed to order or install those safety devices. " 'There is no duty "to warn a customer already aware—through common knowledge or learning—of a specific hazard" ' " (Czerniejewski v Steward-Glapat Corp., 236 AD2d 795, quoting Schiller v National Presto Indus., 225 AD2d 1053). In any event, any failure to warn was not a proximate cause of the accident (see, Cramer v Toledo

*Scale Co.*, 158 AD2d 966; *Belling v Haugh's Pools*, 126 AD2d 958, 959, *lv denied* 70 NY2d 602, *rearg dismissed* 70 NY2d 748).

Finally, the court should have dismissed the ninth cause of action, which alleges that Interlake breached its implied warranty of merchantability. Interlake met its initial burden, and plaintiffs presented no evidence that the products were not "fit for the ordinary purposes for which such goods are used" (UCC 2-314 [2] [c]; *see, Denny v Ford Motor Co.*, 87 NY2d 248, 258-259, *rearg denied* 87 NY2d 969). Further, because there is no evidence that Interlake knew or should have known the particular purpose for which the goods were purchased or that Wegmans was relying on Interlake's skill or judgment to furnish suitable goods, no implied warranty of fitness for a particular purpose arose (*see*, UCC 2-315). (Appeal from Order of Supreme Court, Monroe County, Bergin, J.—Summary Judgment.) Present—Green, J. P., Lawton, Hayes, Callahan and Fallon, JJ.