■ BERNICE STEINBARTH, Individually and as Administratrix of the Estate of WILLIAM A. STEINBARTH, Deceased, Appellant, v OTIS ELEVATOR COMPANY, Respondent. [703 NYS2d 417] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Plaintiff commenced this action seeking damages for personal injuries sustained by William Andrew Steinbarth (decedent) when he fell down an elevator shaft. Plaintiff alleges that defendant was negligent in failing to warn decedent that the elevator doors could open without the elevator car being present and that defendant was negligent in the design and manufacture of the elevator.

Supreme Court erred in granting that part of defendant's motion seeking summary judgment dismissing that part of the

fourth cause of action based on failure to warn. We agree with defendant that it has no duty to warn a knowledgeable user who is aware of the risks inherent in the product (*see, Liriano v Hobart Corp.,* 92 NY2d 232, 241; *Butler v Interlake Corp.,* 244 AD2d 913, 914). Factual issues exist, however, whether decedent was a knowledgeable user who was aware of the danger that the elevator doors would open even though the elevator car was not present, and, if not, whether the failure to warn was a proximate cause of the accident (*see, Butler v Interlake Corp., supra,* at 914-915).

We reject plaintiff's contentions that factual issues exist whether the elevator was defective at the time of its manufacture and installation. Defendant sustained its initial burden of proof by submitting an expert's affidavit that established that the elevator was manufactured in accordance with industry standards in effect at the time of manufacture and that defendant did not deviate from standards of proper elevator engineering at the time of installation. The affidavit of plaintiff's expert failed to controvert that proof. Statements in an attorney's affirmation not based on personal knowledge are insufficient to raise a factual issue (*see, Feszczyszyn v General Motors Corp.,* 248 AD2d 939, 941). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Green, A. P. J., Hayes, Wisner and Balio, JJ.