DANIEL GEDDES et al., Respondents, v CROWN EQUIPMENT CORPORATION et al., Appellants. [709 NYS2d 770] —Order unanimously reversed on the law without costs, motion and cross motion granted and complaint dismissed. Memorandum: Daniel Geddes (plaintiff) was injured in the course of his employment with Schoeller Technical Papers, Inc. (Schoeller) when he was struck by a forklift truck as it was backing up. Although a regulation of the Occupational Safety and Health Administration requires that a forklift truck operator look in the direction of her or his path of travel (*see*, 29 CFR 1910.178 [n] [6]), here the operator was using a rearview mirror. Plaintiffs assert causes of action for strict products liability, negligence, and breach of warranty. They allege that the forklift truck, manufactured by defendant Crown Equipment Corporation (Crown) and sold to Schoeller by defendant U.S. Materials Handling Corporation (USMH), was defective and not reasonably safe because it was not equipped with a back-up warning alarm and because the rearview mirrors of the forklift truck subjected its operator to "blind spots." Crown moved and USMH cross-moved for summary judgment dismissing the complaint. Supreme Court denied the motion and cross motion, finding "material factual issues." That was error.

Defendants met their initial burden of establishing that the forklift truck was reasonably safe, "thus satisfying [their] duty not to market a defective product" (*Patane v Thompson & Johnson Equip. Co.*, 233 AD2d 905, 906). They also established that such a warning alarm "is not mandated by any Federal or State law, rule or regulation" (*Patane v Thompson & Johnson Equip. Co., supra*, at 906). In addition, defendants established that Schoeller was aware of the availability of such warning

alarms and over a period of many years had purchased forklift trucks without them. Thus, Schoeller, which was "in the best position to evaluate the need for such safety devices based upon the environment in which the forklift truck would be used, made a deliberate decision" not to install such alarms (*Patane v Thompson & Johnson Equip. Co., supra,* at 906). Defendants thereby established that the forklift truck was not defective (*see, Scarangella v Thomas Built Buses,* 93 NY2d 655, 661; *Patane v Thompson & Johnson Equip. Co., supra,* at 906; *Biss v Tenneco, Inc.,* 64 AD2d 204, 207-208, *lv denied* 46 NY2d 711). Nor were defendants under a duty to warn plaintiff of the obvious risk of injury due to unsafe backing of the forklift truck (*see, Scarangella v Thomas Built Buses, supra,* at 662; *Liriano v Hobart Corp.,* 92 NY2d 232, 241; *Butler v Interlake Corp.,* 244 AD2d 913, 914).

In opposition, plaintiffs failed to raise a triable issue of fact. The qualifications of their expert do not establish that he has any experience or personal knowledge in the design, manufacture or use of forklift trucks, nor is the expert's conclusion that the forklift truck was defective and unsafe because of the presence and size of the rearview mirrors supported by foundational facts, such as a deviation from industry standards or statistics showing the frequency of injuries caused by using such a forklift truck (*see, Fallon v Hannay & Son,* 153 AD2d 95, 101). "Without even the semblance of a foundation based upon facts in the record or personal knowledge, the opinion of plaintiff[s'] expert was purely speculative and, thus, lacked sufficient probative force to constitute prima facie evidence that the [forklift truck] was not reasonably safe for its intended use" (*Fallon v Hannay & Son, supra,* at 102; *see, Merritt v Raven Co.,* 271 AD2d 859). (Appeals from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt and Scudder, JJ.