EUCLIDES CAMPOS, Plaintiff–Appellant,

v.

CROWN EQUIPMENT CORPORATION and Crown Credit Company, Defendant–Appellees.

Crown Equipment Corporation and Crown Credit Company, Third Party Plaintiffs–Appellees,

v.

Data Path Technologies, Inc. and Intellesale.Com, Inc., Third Party Defendants–Appellees.

Docket No. 01–9143.

United States Court of Appeals, Second Circuit.

May 28, 2002.

J. Joseph Bainton Bainton, McCarthy & Siegel New York, NY, for Appellee.

John A. Vasile McGovern, Connelley & Davidson New Rochelle, NY, for Appellant.

James J. Keefe, Jr. Montfort, Healy, McGuire & Salley Garden City, NY, for Third–Party Defendant–Appellee, Data Path Technologies, Inc.

Present PARKER, STRAUB and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Euclides Campos ("Campos") appeals from the judgment entered by the District Court for the Southern District of New York, granting summary judgment in favor of defendants Crown Equipment Corporation and Crown Credit Company (collectively, the "Crown Defendants").

On December 7, 1999, Campos suffered serious personal injury to his foot as a result of a forklift accident at Data Path Technologies, Inc. ("Data Path"), his place of employment. The forklift involved in the accident was manufactured by Crown Equipment Corporation and leased to Data Path by Crown Credit Company. Campos sued the Crown defendants, alleging that the forklift was defective because it was not equipped with certain optional safety equipment, including a backup alarm and warning lights. The district court, relying heavily on *Scarangella v. Thomas Built Buses, Inc.*, 93 N.Y.2d 655, 695 N.Y.S.2d 520, 717 N.E.2d 679 (N.Y.1999), held that Campos failed to establish a prima facie case. The district court was correct.

A defectively designed product is a product which, "at the time it leaves the seller's hands, is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use; that is one whose utility does not outweigh the danger inherent in its introduction into the stream of commerce." *Scarangella*, 93 N.Y.2d at 659, 695 N.Y.S.2d 520, 717 N.E.2d 679 (internal quotation marks omitted). In *Scarangella*, the New York Court of Appeals held that a bus, which struck and injured the plaintiff while it was operating in reverse, was not defective even though it lacked the optional safety mechanism that automatically sounds a warning when a bus is placed in reverse gear. *Scarangella* held that a manufacturer will not be found liable for selling a product without an optional safety feature:

[W]here the evidence and reasonable inferences therefrom show that: (1) the buyer is thoroughly knowledgeable regarding the product and its use and is actually aware that the safety feature is available; (2) there exist normal circumstances of use in which the product is

not unreasonably dangerous without the optional equipment; and (3) the buyer is in a position, given the range of uses of the product, to balance the benefits and the risks of not having the safety device in the specifically contemplated circumstances of *the buyer's use* of the product.

*Id.* at 661, 695 N.Y.S.2d 520, 717 N.E.2d 679 (emphasis in original).

In light of these factors, Campos failed to state a prima facie case. Data Path had owned, leased, and operated forklifts since its inception in 1991. Data Path leased the forklift at issue in 1999. Having previously installed a backup alarm on a different forklift in 1996, Data Path was indisputably aware of the availability of these safety features. Contrary to Campos's assertions, we need not scrutinize the actual risk-benefit analysis conducted by Data Path to conclude that Data Path was a "thoroughly knowledgeable consumer."

Regarding the second factor, Campos argues that forklifts without the optional safety equipment are inherently dangerous when operated among pedestrians. Assuming, arguendo, that Campos is correct, he has not demonstrated that there are no normal circumstances in which forklifts without the optional safety equipment can be operated safely because he has not addressed the normal use of forklifts in locations without pedestrians. So long as normal circumstances exist in which forklifts are operated in locations without pedestrians, and such operation without the optional safety equipment is not unreasonably dangerous, then Campos cannot overcome the second factor of *Scarangella.*

Lastly, the district court correctly concluded that Data Path, not the Crown Defendants, was in the best position to balance the risks and benefits of the safety options, "taking into account factors including the size of its warehouses, the number of workers, the number of forklifts, and the nature of the training it would offer to its employees who would operate the forklifts." *Campos v. Crown Equip. Corp.,* No. 01–0174, slip op. at 6 (S.D.N.Y Aug. 31, 2001). Whether or not Data Path actually made the best assessment of the risks and benefits, Data Path was in a better position than the Crown defendants to make that assessment.

Because the Crown defendants have met all three of the *Scarangella* factors, they cannot be found liable for manufacturing a defectively designed forklift. *See Geddes v. Crown Equip. Corp.,* 273 A.D.2d 904, 709 N.Y.S.2d 770 (2000) (finding forklift not equipped with optional back-up warning alarm not defectively designed); *Patane v. Thompson & Johnson Equip. Co.,* 233 A.D.2d 905, 649 N.Y.S.2d 547 (1996)(same).

For the reasons set forth above, the judgment of the district court is AFFIRMED.