■ JOSEPH SEXTON, Plaintiff, v CINCINNATI INCORPORATED, Also Known as CINCINNATI, INC., et al., Defendants. (Action No. 1.) JOSEPH SEXTON, Plaintiff, v NI JEF ELECTRIC INCORPORATED, Defendant. (Action No. 2.) JOSEPH SEXTON, Respondent, v LINE-MASTER SWITCH CORPORATION, Appellant. (Action No. 3.) [792 NYS2d 264]—

Appeal from an order of the Supreme Court, Chautauqua County (Frederick J. Marshall, J.), entered July 8, 2004. The order, insofar as appealed from, denied in part the motion of defendant Linemaster Switch Corporation for summary judgment dismissing the amended complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted in its entirety and the amended complaint is dismissed.

Memorandum: Plaintiff was injured in the course of his employment with third-party defendant, Phoenix Metal Fabricating, Inc., when the "ram" mechanism of a press brake machine descended while plaintiff's hands were between the "punch" and "die" components of the machine. Plaintiff commenced these actions against, inter alia, the manufacturer of the press brake machine, defendant-third-party plaintiff Cincin-

nati Incorporated, also known as Cincinnati, Inc. (Cincinnati), and the manufacturer of the foot switch that Cincinnati installed on the machine, defendant Linemaster Switch Corporation (Linemaster). In the action against Linemaster (action No. 3), plaintiff alleged, inter alia, that the foot switch was defective and not reasonably safe because it lacked a toe guard safety feature that was used on other models of foot switches. Plaintiff asserted causes of action for, inter alia, negligence and strict products liability.

Linemaster moved for summary judgment dismissing the amended complaint in action No. 3. Supreme Court granted the motion except insofar as the negligence and strict products liability causes of action were based on negligent and defective design of the foot switch. On Linemaster's appeal from that part of the order, we conclude that the court should have dismissed those causes of action in their entirety.

Linemaster met its initial burden of establishing that the foot switch was reasonably safe and did not present an unreasonable risk of harm to the user (*see Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 107 [1983]; *Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 478-481 [1980]). In addition, Linemaster established that Cincinnati was aware that it also made a foot switch with an optional toe guard and that over a period of years Cincinnati had purchased foot switches without that optional safety feature. Cincinnati, which was in the best position to evaluate the need for such a safety device, made a deliberate decision not to purchase foot switches with the additional safety feature and thus the manufacturer of the foot switch is not liable (*see Scarangella v Thomas Built Buses*, 93 NY2d 655, 661 [1999]; *Geddes v Crown Equip. Corp.*, 273 AD2d 904, 904-905 [2000]; *Butler v Interlake Corp.*, 244 AD2d 913, 914 [1997]).

We further conclude that Linemaster established that it was a component part manufacturer and that it designed the component part in accordance with the specifications of Cincinnati. Thus, Linemaster cannot be "required to anticipate safety features appropriate for the entire . . . system" (*Leahy v Mid-West Conveyor Co.*, 120 AD2d 16, 19 [1986], *lv denied* 69 NY2d 606 [1987]; *see Munger v Heider Mfg. Corp.*, 90 AD2d 645, 646 [1982]; *cf. City of Cohoes v Kestner Engrs.*, 226 AD2d 914, 917 [1996]).

Plaintiff's expert failed to raise a triable issue of fact inasmuch as the expert was an expert in designing press brake machines rather than foot switches and, additionally, the expert's affidavit lacked any foundational facts "such as a deviation from industry standards or statistics showing the frequency

of injuries caused by using such [foot switches]" (*Geddes*, 273 AD2d at 905; *see Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533 n 2 [1991]; *Secone v Raymond Corp.*, 240 AD2d 391, 392 [1997]). Present—Hurlbutt, J.P., Scudder, Kehoe, Pine and Hayes, JJ.