■ Niki Marie Cleary et al., Appellants-Respondents, v Reliance Fuel Oil Associates, Inc., Respondent-Appellant, Bock

Water Heaters, Inc., et al., Respondents, and Nicholas Cerulli et al., Appellants. [793 NYS2d 468]—

In an action to recover damages for personal injuries, etc., (1) the plaintiffs appeal (a) from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated April 29, 2003, as denied that branch of their cross motion which was to strike the answer of the defendant Reliance Fuel Oil Associates, Inc., for the alleged spoliation of evidence and (b), as limited by their brief, from so much of a judgment of the same court entered June 26, 2003, as, upon so much of the order dated April 29, 2003, as granted those branches of the respective motions of the defendants Bock Water Heaters, Inc., and Honeywell, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them, dismissed the complaint insofar as asserted against those defendants, (2) the defendant Reliance Fuel Oil Associates, Inc., separately appeals, as limited by its notice of appeal and brief, from (a) so much of the order dated April 29, 2003, as granted those branches of the motions of the defendants Bock Water Heaters, Inc. and Honeywell, Inc., which were for summary judgment dismissing its cross claims against them, and (b) so much of the judgment entered June 26, 2003, as was entered thereon, and (3) the defendants Nicholas Cerulli and Ann Marie Cerulli separately appeal, as limited by their notice of appeal and brief, from (a) so much of the order dated April 29, 2003, as granted those branches of the motions of the defendants Bock Water Heaters, Inc., and Honeywell, Inc., which were for summary judgment dismissing their cross claims against them, and (b) so much of the judgment entered June 26, 2003, as was entered thereon.

Ordered that the appeals from so much of the order dated April 29, 2003, as granted those branches of the motions of the defendants Bock Water Heaters, Inc., and Honeywell, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them and the cross claims against them are dismissed, without costs or disbursements; and it is further,

Ordered that the order dated April 29, 2003, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the judgment entered June 26, 2003, is affirmed insofar as appealed from, without costs or disbursements.

The appeals from so much of the order dated April 29, 2003, as granted those branches of the motions of the defendants Bock Water Heaters, Inc., and Honeywell, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them and the cross claims against them must be dismissed on the ground that the right of direct appeal therefrom terminated with the entry of judgment thereon (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on those appeals from the order are brought up for review and have been considered on the appeals from the judgment (see CPLR 5501 [a] [1]).

The infant plaintiff, Niki Marie Cleary, allegedly was scalded by hot water from the tap of a sink in the home of her grandparents, the defendants Nicholas Cerulli and Anne Marie Cerulli. The hot water was produced by a water heater manufactured by the defendant Bock Water Heaters, Inc. (hereinafter Bock), and sold, installed, and serviced by the defendant Reliance Fuel Oil Associates, Inc. (hereinafter Reliance). The temperature of the water within the heater was controlled by a device known as an aquastat, which was manufactured and sold by the defendant Honeywell, Inc. (hereinafter Honeywell). It appears from the voluminous record that the water within the Bock water heater exceeded the set temperature of 120 degrees Fahrenheit, because the Honeywell aquastat was inserted inside a sleeve, known as a well, which protrudes into the tank of the water heater. The well was too large for the aquastat. The aquastat should have been inserted into a 2½-inch well. Instead, it had been inserted inside a four-inch well, which reduced the sensitivity of the aquastat.

The Supreme Court properly granted that branch of Bock's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Bock demonstrated, prima facie, that the plaintiffs could not exclude all other causes

for its water heater's alleged failure that were not attributable to Bock (see *Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41 [2003]). Significantly, the aquastat was not supplied by Bock with the water heater. Rather, the aquastat was supplied with the oil burner, by the manufacturer of the burner, nonparty Wayne Manufacturing. The evidence submitted in opposition to Bock's prima facie showing of entitlement to judgment as a matter of law failed to set forth competent evidence that "the product, as designed, was not reasonably safe because there was a substantial likelihood of harm and it was feasible to design the product in a safer manner" (*Voss v Black & Decker Mfg. Co.*, 59 NY2d 102, 108 [1983]; see also *Felix v Akzo Nobel Coatings*, 262 AD2d 447, 448 [1999]). Moreover, the plaintiffs failed to demonstrate that Bock had a duty to warn, or that any alleged failure to warn could have been a proximate cause of the infant plaintiff's injuries (see *Lancaster Silo & Block Co. v Northern Propane Gas Co.*, 75 AD2d 55 [1980]).

The Supreme Court also properly granted that branch of Honeywell's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Honeywell demonstrated, prima facie, that its aquastat functioned properly when tested after the incident. In opposition, no specific defect in the aquastat was established (see *Jemmott v Rockwell Mfg. Co.*, 216 AD2d 444 [1995]; *Leahy v Mid-West Conveyor Co., Inc.*, 120 AD2d 16, 18 [1986]). Moreover, Honeywell did not contemporaneously supply the 4-inch well into which the 2¹/₂-inch aquastat was inserted; they were not sold as a set. Thus, the plaintiffs failed to raise a triable issue of fact as to Honeywell's liability (see generally *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Our dissenting colleagues suggest that Honeywell may nevertheless be liable for failing to warn not to install a 2¹/₂-inch aquastat in a 4-inch well. However, Honeywell's installation instructions for its aquastat unambiguously warned: "IMPORTANT—The immersion well must fit the sensing bulb snugly and bulb must rest against bottom of well." Since the sensing bulb, which is at the end of the aquastat, was to be inserted at the bottom of the well, and the 2¹/₂-inch aquastat could not be fastened at the bottom of the 4-inch well used herein, we are satisfied that Honeywell discharged its duty to warn installers to pair the proper well and aquastat.

The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' cross motion which was to strike the answer of Reliance for the alleged spoliation of evidence (see *Weiss v Industrial Enters.*, 7 AD3d 518 [2004]; *Madi-*

son Ave. Caviarteria v Hartford Steam Boiler Inspection & Ins. Co., 2 AD3d 793, 795 [2003]).

The Cerullis's contention that the Supreme Court should not have granted that branch of the plaintiffs' cross motion which was for a unified trial on the issues of liability and damages is not properly before this Court since the Cerullis's notice of appeal from the order dated April 29, 2003, is limited to "that part of said Order granting the defendants, BOCK WATER HEATER, INC. and HONEYWELL, INC's, motions for summary judgment" (see Dingle v Pergament Home Ctrs., 141 AD2d 798 [1988]).

The appellants' remaining contentions are without merit. S. Miller, J., Krausman and Spolzino, JJ., concur.

Goldstein, J., concurs in part and dissents in part and votes to modify the judgment by deleting the provision thereof in favor of Honeywell, Inc., and vacating the provision of the order granting the motion of Honeywell, Inc., for summary judgment dismissing the complaint and cross claims insofar as asserted against it and substituting therefor a provision denying the motion of Honeywell, Inc., with the following memorandum with which H. Miller, J.P., concurs: The plaintiffs seek, inter alia, damages for personal injuries sustained by the then two-year-old infant plaintiff when she was scalded by hot tap water in a bathroom sink in the home of her grandparents, Nicholas Cerulli and Ann Marie Cerulli. The plaintiffs sued the Cerullis as owners of the premises where the accident occurred, Reliance Fuel Oil Associates, Inc. (hereafter Reliance), which installed the hot water heating system, Bock Water Heaters, Inc. (hereinafter Bock) which distributed the hot water heater tank and burner, and Honeywell, Inc. (hereinafter Honeywell), which manufactured the aquastat used to measure the temperature of the water in the tank and allegedly manufactured the well in which the aquastat was inserted.

I agree with the majority that the Supreme Court properly granted Bock's motion for summary judgment. Bock demonstrated its entitlement to judgment as a matter of law (see Speller v Sears, Roebuck & Co., 100 NY2d 38, 41 [2003]) and the papers submitted in opposition failed to set forth competent evidence of a defect, "an improper design or the inadequacy or absence of warnings for use of the product" (Amatulli v Delhi Constr. Corp., 77 NY2d 525, 532 [1991]; Voss v Black & Decker Mfg. Co., 59 NY2d 102, 108 [1983]; Felix v Akzo Nobel Coatings, 262 AD2d 447, 448 [1999]; Lancaster Silo & Block Co. v Northern Propane Gas Co., 75 AD2d 55 [1980]).

However, the Supreme Court should have denied Honeywell's

motion for summary judgment. Although there is no evidence in the record of any defect in the aquastat, nor is there any competent evidence of a design defect (see *Jemmott v Rockwell Mfg. Co.*, 216 AD2d 444 [1995]), Honeywell failed to establish its entitlement to judgment as a matter of law on the issue of whether it violated a duty to warn. In its motion papers, Honeywell acknowledged that if the aquastat in question, which was approximately 2½ inches deep "had been installed in the 4-inch well at the time of the incident, the aquastat would not be able to accurately gauge the temperature of the water in the water heater." It attributed the accident to the installer's improper use of the aquastat in question with a 4-inch well.

Honeywell's instructions warn that "[t]he immersion well must fit the sensing bulb snugly and bulb must rest against bottom of well." However, Honeywell's specifications for this aquastat state "[i]mmersion well: . . . Insulation—2¼ or 4 in." A mechanical engineer employed by Bock testified at his deposition that that provision specified the "maximum length" of the well and he was not aware of "anything else" which "an installer could look at to figure out what size well to use with that aquastat."

Since Honeywell attributed the accident to the use of a four-inch well, which was within the range of maximum lengths in its own specifications for the aquastat in question, there is an issue of fact as to whether its warnings were sufficient under the particular circumstances of this case. The adequacy of the warnings is an issue of fact for the jury (see *Tucci v Bossert*, 53 AD2d 291 [1976]).