■ KATHLEEN LOBELLO et al., Appellants, v BFI WASTE SYS-
TEMS OF NORTH AMERICA, INC., Respondent. [825 NYS2d 877]—

Appeal from an order of the Supreme Court, Erie County
(Joseph D. Mintz, J.), entered March 8, 2006 in a personal injury
action. The order granted defendant's motion for summary judg-
ment dismissing the complaint.

It is hereby ordered that the order so appealed from be and
the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover
damages for injuries they sustained during the course of their
employment while they were loading trash into a dumpster sup-
plied to their employer by defendant. Supreme Court properly
granted defendant's motion for summary judgment dismissing
the complaint. With respect to the negligence causes of action,
defendant established that it owed no duty of care to plaintiffs
as a matter of law (*see Espinal v Melville Snow Contrs.*, 98
NY2d 136, 138-140 [2002]; *see also Palka v Servicemaster Mgt.
Servs. Corp.*, 83 NY2d 579, 585-587 [1994]; *Estate of Morgan v
Whitestown Am. Legion Post No. 1113*, 309 AD2d 1222 [2003]).
Defendant also established its entitlement to summary judg-
ment dismissing the strict products liability and breach of war-
ranty causes of action, and plaintiffs failed to raise a triable is-
sue of fact (*see generally Zuckerman v City of New York*, 49
NY2d 557, 562 [1980]). Defendant established as a matter of
law that the dumpster was not defective (*see Cleary v Reliance
Fuel Oil Assoc., Inc.*, 17 AD3d 503, 506 [2005], *affd* 5 NY3d 859
[2005]; *see generally Robinson v Reed-Prentice Div. of Package
Mach. Co.*, 49 NY2d 471, 479-480 [1980]); that there was no
duty to warn of the risks inherent in lifting heavy loads of trash
into the dumpster (*see Liriano v Hobart Corp.*, 92 NY2d 232,
241-242 [1998]; *Gian v Cincinnati Inc.*, 17 AD3d 1014, 1016
[2005]); and that the dumpster was fit for the ordinary purposes
for which it was used (*see Butler v Interlake Corp.*, 244 AD2d
913, 915 [1997]; *see generally Denny v Ford Motor Co.*, 87 NY2d
248, 258-259 [1995], *rearg denied* 87 NY2d 969 [1996]). Pres-
ent—Hurlbutt, J.P., Smith, Centra and Pine, JJ.