■ HAROLD E. DICK, Appellant, v NACCO MATERIALS HANDLING GROUP, INC., Formerly Known as HYSTER COMPANY, INC., et al., Respondents. [829 NYS2d 361]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered May 4, 2006 in a personal injury action. The order granted defendants' motions for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained in the course of his employment with Johnson Brothers Lumber Company (Johnson Brothers) when he was run over by a forklift truck, both as it was backing up and as it pulled forward. According to plaintiff, the forklift truck, which was manufactured by defendant NACCO Materials Handling Group, Inc., formerly known as Hyster Company, Inc., and sold to Johnson Brothers by defendant Liftech Equipment Companies, Inc., was defective and not reasonably safe because it was not equipped with backup warning alarms, warning lights, or other warning devices. Plaintiff asserted causes of action for negligence, breach of warranty, and strict products liability. Supreme Court properly granted the respective motions of defendants for summary judgment dismissing the complaint against them.

Defendants met their burden by establishing as a matter of law that the forklift truck was reasonably safe, "thus satisfying [their] duty not to market a defective product" (*Patane v Thompson & Johnson Equip. Co.*, 233 AD2d 905, 906 [1996]; *see Geddes v Crown Equip. Corp.*, 273 AD2d 904 [2000]; *see generally Scarangella v Thomas Built Buses*, 93 NY2d 655, 659-661 [1999]), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Defendants also submitted evidence establishing as a matter of law that the warning alarms were "not mandated by any Federal or State law, rule or regulation" (*Patane*, 233 AD2d at 906; *see Geddes*, 273 AD2d at 904). In addition, they submitted evidence establishing as a matter of law that Johnson Brothers was aware of the availability of such warning devices, had purchased forklift trucks without them for a number of years, and was "in the best position to evaluate the need for such [warning] devices based upon the environment in which the forklift truck[s] would be used [and] made a deliberate decision not to purchase the warning [devices]" (*Patane*, 233 AD2d at 906; *see Geddes*, 273 AD2d at 904-905). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Peradotto, JJ.