■ JAMINE MICHAEL DONOVAN, as Administrator of the Estate of TERENCE DONOVAN, Deceased, Respondent, v ALL-WELD PRODUCTS CORP. et al., Defendants, and CLEMCO INDUSTRIES CORP., Appellant. (And Other Actions.) [832 NYS2d 148]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered October 24, 2005, which denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint as against defen-

dant Clemco Industries Corp. dismissed. The Clerk is directed to enter judgment accordingly.

This is a products liability action for damages arising from the death of plaintiff's decedent, Terence Donovan, on January 25, 2001, while performing sandblasting operations for his employer, Yula Corporation. The complaint does not allege the specific cause of death. However, it appears uncontested that Donovan received an insufficient amount of "breathing air" and thus asphyxiated and died. At the time of the accident, Donovan was wearing a supplied air respirator helmet connected by a flexible hose to a regulator attached to a compressed gas cylinder containing and marked "breathing air." Yula purchased the air respirator, an Apollo 60 HP, which was manufactured by Clemco, from codefendant McKinney Welding Supply Co., about eight years before the incident.

Plaintiff alleged strict products liability and negligence, which are virtually indistinguishable causes of action (see Denny v Ford Motor Co., 87 NY2d 248, 257-258 [1995]). For strict products liability, "a plaintiff may assert that the product is defective because of a mistake in the manufacturing process or because of an improper design or because the manufacturer failed to provide adequate warnings regarding the use of the product" (Voss v Black & Decker Mfg. Co., 59 NY2d 102, 106-107 [1983] [citations omitted]; Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d 471, 478-479 [1980]).

Plaintiff alleges only that the Clemco air respirator was defectively designed. "[A] defectively designed product is one which, at the time it leaves the seller's hands, is in a condition not reasonably contemplated by the ultimate consumer and is unreasonably dangerous for its intended use" (id. at 479; accord Voss, 59 NY2d at 107). The design defect claim here, refers to Clemco's alleged failure to market the Apollo 60 HP with the two-way communication device and gas detector monitor.

Clemco's uncontroverted documentary evidence submitted in support of its motion for summary judgment, consisting of National Institute for Occupational Safety and Health (NIOSH) certification, Occupational Safety and Health Administration (OSHA) citation and OSHA reports, establishes that the Apollo 60 HP was reasonably safe for its intended use. While Clemco's expert described the respirator as substantially altered from its original condition, he nonetheless stated that the Apollo 60 HP complied with all regulatory requirements, and pointed to the NIOSH certification as evidence that the product was reasonably safe for its intended use. Moreover, the OSHA report indicated it functioned properly on the date in question.

Inasmuch as Clemco, by adducing this evidence, made out a prima facie entitlement to summary judgment, the burden shifted to plaintiff to raise a triable issue as to whether Clemco's air respirator was, in fact, reasonably safe without the additional features specified by plaintiff (*Cleary v Reliance Fuel Oil Assoc., Inc.*, 17 AD3d 503 [2005], *affd* 5 NY3d 859 [2005]).

Plaintiff failed to raise an issue of fact that the subject air respirator was not reasonably safe at the time it left Clemco's hands, apparently eight years before the accident. Plaintiff's expert offered only assertions regarding the availability of additional Clemco products. He failed to make any connection between the additional safety features such as a carbon monoxide alarm and plaintiff's death due to asphyxia. Concur—Tom, J.P., Andrias, Friedman, Catterson and Kavanagh, JJ.