■ DOMINIC A. AFFUSO et al., Appellants, v CRESTLINE PLASTIC PIPE COMPANY, INC., Respondent, et al., Defendant. [599 NYS2d 157] —Casey, J. Appeals (1) from an order of the Supreme Court (Bradley, J.), entered July 23, 1991 in Ulster County, which granted defendants' motions for summary judgment dismissing the complaint, and (2) from a judgment entered thereon.

Plaintiff Dominic A. Affuso (hereinafter plaintiff) was injured on December 31, 1985 in the process of unwrapping a coil of plastic water pipe. The pipe was manufactured by defendant Crestline Plastic Pipe Company, Inc. and sold to plaintiff by defendant Electra-Dutchess Wholesalers, Inc. The pipe was coiled under pressure and wrapped with tape to prevent uncoiling during shipping and handling. When plaintiff unwrapped the tape, one end of the coil sprang up and struck him in the temple, causing him to fall backward into a ditch.

Plaintiff, and his wife derivatively, commenced this action in December 1988 alleging that Crestline, as manufacturer, and Electra-Dutchess, as distributor, should be required to respond in damages for plaintiff's injuries. Recovery was sought on theories of negligence and breach of warranty. After issue was joined, both defendants moved for summary judgment dismissing the complaint. The motions were granted and plaintiffs appeal from that portion of the order and resulting judgment which dismissed the complaint against Crestline.

Supreme Court found that Crestline met its initial burden in support of its motion for summary judgment. The documents submitted were the complaint, the bill of particulars and plaintiff's examination before trial testimony. These documents demonstrated no triable question of fact on the issue of

whether a defect in the pipe or tape existed. It was plaintiffs' burden to make a threshold showing that the pipe was defective and not reasonably safe for the ordinary purpose for which such goods were used in order to recover under a breach of implied warranty cause of action *(see generally,* UCC 2-314 [2] [c]; *Goldberg v Kollsman Instrument Corp.,* 12 NY2d 432). Plaintiffs failed to do so. Plaintiffs also failed to show that Crestline breached a duty of care owed to plaintiff by placing a defective, unreasonably dangerous product on the market, with actual or constructive notice of the defect, due to a mistake in the manufacturing process, improper design or because of a failure to warn *(see, Nutting v Ford Motor Co.,* 180 AD2d 122, 130). Plaintiffs failed to identify any particular defect except in the most general and conclusory terms. Plaintiff indicated in his examination before trial that he was aware that rolls of coiled pipe usually uncoiled rapidly when unwrapped in cold weather and that other manufacturers' coiled pipe came packaged in the same manner. Plaintiffs attempt to rely on the happening of the accident as sufficient to create a prima facie showing that the product was defective *(see, Winckel v Atlantic Rentals & Sales,* 159 AD2d 124, 127), but the pipe here, unlike the chair in *Winckel v Atlantic Rentals & Sales (supra),* functioned as intended or expected. Plaintiffs made no showing that the coil was not designed in a reasonably safe manner *(see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 108). Plaintiffs failed to come forward with proof in admissible form sufficient to create a material factual issue after Crestline met its initial burden *(see, Zuckerman v City of New York,* 49 NY2d 557). Supreme Court was therefore correct in granting Crestline's motion for summary judgment and its order and judgment should be affirmed.

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order and judgment are affirmed, with costs.