■ VICTOR QUVUS et al., Appellants, v EMECO INDUSTRIES, INC., Respondent. (And a Third-Party Action.) [635 NYS2d 670] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) so much of a judgment of the Supreme Court, Suffolk County (Leis, J.), entered September 13, 1994, as, upon an order of the same court dated June 17, 1994, granting the branch of the motion of the defendant

Emeco Industries, Inc., which was for summary judgment dismissing the complaint, dismissed the complaint and (2) an order of the same court, dated January 12, 1995, which denied the plaintiffs' motion to resettle the judgment.

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered the respondent is awarded one bill of costs.

The plaintiff Victor Quvus was injured when he fell from a chair. Although the plaintiffs proffered sufficient evidence to identify the defendant as the manufacturer of the chair, there is nothing in the record from which it can be reasonably inferred that the chair was defective, either in its design or manufacture, in order to recover pursuant to the theory of strict products liability *(see, Winckel v Atlantic Rentals & Sales,* 159 AD2d 124; 86 NY Jur 2d, Products Liability, § 66). The plaintiffs' argument in this regard relies largely on the conclusory affidavit of the plaintiffs' expert, which is pure speculation and insufficient to create a material issue of fact *(see, Affuso v Crestline Plastic Pipe Co.,* 194 AD2d 884, 885). Thus, the defendant's motion for summary judgment was properly granted *(see, Zuckerman v City of New York,* 49 NY2d 557).

The plaintiffs' contention regarding the court's denial of their motion to resettle the judgment is without merit. Sullivan, J. P., Balletta, Miller and O'Brien, JJ., concur.