■ WILLARD MLOTT et al., Respondents, v WHIRLPOOL CORPORATION, Appellant, et al., Defendant. [676 NYS2d 383] —Order unanimously reversed on the law without costs, motion granted and complaint and cross claims against defendant Whirlpool Corporation dismissed. Memorandum: Plaintiffs commenced this products liability action to recover damages for injuries sustained when a natural gas clothes dryer, which

had been converted to liquid propane, exploded as they started it. The dryer was manufactured by defendant Whirlpool Corporation (Whirlpool), converted by defendant Home Builders Supply and Hardware Corporation (Home Builders) using a conversion kit made by Whirlpool, and installed by plaintiff Willard Mlott. It is assumed for purposes of this appeal that the explosion was due to a gas leak and that the source of the leak was a union nut at the manual gas shutoff valve that was not properly tightened by the technician who performed the conversion. The technician admitted that he did not follow Whirlpool's instruction to perform a bubble test after the conversion to detect any gas leaks.

Supreme Court erred in denying the motion of Whirlpool for summary judgment dismissing the complaint and cross claims against it. Whirlpool met its initial burden by establishing that there was no defect in the design or manufacture of the natural gas dryer or the conversion kit, that the conversion kit was accompanied by necessary instructions and warnings, and that the technician was not acting as its employee or agent. Plaintiffs failed to raise an issue of fact in response (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Because the technician was experienced and aware of the need to tighten the union nut properly, there was no duty to instruct him to set the union nut at a specific torque (*see, Schiller v National Presto Indus.*, 225 AD2d 1053, 1054). In any event, the technician admitted that, because of his experience, he would have ignored any additional instructions (*see, Bigness v Powell Elecs.*, 209 AD2d 984, 985). Furthermore, while plaintiffs presented proof of alleged deficiencies in the bubble test, they did not contradict Whirlpool's proof that the bubble test is a standard method of leakage testing recognized by the National Fuel Gas Code.

In addition, Whirlpool established as a matter of law that the technician's failure to perform the bubble test was a superseding cause of the accident (*see, Furstenheim v Congregation of First Church*, 28 AD2d 533, *affd* 21 NY2d 893; *George v Rebbe Excavating & Equip. Co.*, 236 AD2d 442; *Falsetta v Ronzoni Foods Corp.*, 234 AD2d 259, 260; *Huber v Malone*, 229 AD2d 469, 470). (Appeal from Order of Supreme Court, Steuben County, Bradstreet, J.—Summary Judgment.) Present—Lawton, J. P., Wisner, Callahan, Boehm and Fallon, JJ.