■ Frank Cervone, Appellant, v Madeline Tuzzolo et al., Defendants, and Hodor Industries Corp. et al., Respondents. [738 NYS2d 60] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Weiss, J.), entered November 21, 2000, which, upon the granting of the motion of the defendants Hodor Industries Corp., Hodor of Jamaica, Inc., Lynn Green Corp., Hodor Fine Furniture, Inc., Hodor Fine Furniture, and Hodor Dinettes, made at the close of the plaintiff's evidence for judgment as a matter of law pursuant to CPLR 4401, dismissed the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed, with costs.

The plaintiff's decedent instituted this action to recover dam-

ages for injuries sustained when she allegedly tripped and fell over the leg of a dinette table at the home of her friend, the defendant Madeline Tuzzolo. The dinette table was purchased by Tuzzolo's daughter at a retail outlet owned and operated by the defendants Hodor Industries Corp., Hodor of Jamaica, Inc., Lynn Green Corp., Hodor Fine Furniture, Inc., Hodor Fine Furniture, and Hodor Dinettes (hereinafter the Hodor defendants). The plaintiff's decedent claimed that the dinette table was defectively designed in that the table legs splayed out beyond the table top, creating a dangerous condition for which Hodor was liable in negligence, breach of express and implied warranties, and strict products liability. At trial, the plaintiff's expert witness, a licensed mechanical engineer who had no practical experience in dining room furniture design, testified that the dinette table was defectively designed because the table legs created a tripping hazard. At the close of the plaintiff's evidence, the Hodor defendants moved to dismiss the complaint for failure to prove a prima facie case. The trial court granted the motion and entered judgment dismissing the complaint insofar as asserted against the Hodor defendants. We affirm.

Although in a strict products liability case alleging design defect it is generally for the jury to weigh the product's risks against its utility and to determine whether the product was unreasonably dangerous (*see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 109), it is the plaintiff's burden in the first instance to make out a prima facie case (*see, Scarangella v Thomas Built Buses,* 93 NY2d 655, 659; *Fallon v Hannay & Son,* 153 AD2d 95, 99; 1A NY PJI3d 631-632). The testimony of the plaintiff's expert, who had no practical experience or personal knowledge in the design of dining room furniture, was unsupported by foundational facts such as a deviation from industry standards or statistics showing the frequency of injuries caused by such a design. Therefore, it was insufficient to support a finding that the dinette table was not in a reasonably safe condition at the time the Hodor defendants placed it in the stream of commerce (*see, Geddes v Crown Equip. Corp.,* 273 AD2d 904, 905; *Merritt v Raven Co.,* 271 AD2d 859, 862; *Secone v Raymond Corp.,* 240 AD2d 391, 392; *Quvus v Emeco Indus.,* 222 AD2d 664, 665; *Fallon v Hannay & Son, supra* at 101).

Moreover, there was no evidence that the dinette table as designed was not reasonably safe for its intended purpose (*see, Denny v Ford Motor Co.,* 87 NY2d 248, 258-259; *Affuso v Crestline Plastic Pipe Co.,* 194 AD2d 884; *Schimmenti v Ply Gem Indus.,* 156 AD2d 658, 659).

Since the plaintiff failed to make out a prima facie case on the issue of liability, the Supreme Court properly granted the motion for judgment as a matter of law made at the close of the plaintiff's case (*see, Scarangella v Thomas Built Buses, supra* at 659; *Schimmenti v Ply Gem Indus., supra* at 659). Prudenti, P.J., Santucci, Luciano and Schmidt, JJ., concur.