■ MIGUEL MARTINEZ, Appellant, v ROBERTS CONSOLIDATED INDUSTRIES, INC., Respondent, et al., Defendant. [749 NYS2d 279] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Milano, J.), dated January 31, 2001, which granted the motion of the defendant Roberts Consolidated Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff instituted this action to recover damages for injuries he sustained after his hand was cut while utilizing a carpet-cutting knife manufactured by the defendant Roberts Consolidated Industries, Inc. (hereinafter Roberts). The plaintiff, an experienced carpet installer, claimed that Roberts' knife was defectively designed because it lacked a thumb rest and did not have adequate slip-resistant features on its handle. The plaintiff further claimed that these alleged design defects caused him to lose control of the knife, resulting in his injuries.

Contrary to the plaintiff's contention, Roberts established its entitlement to summary judgment by demonstrating that the knife, as designed, was reasonably safe (*see Voss v Black & Decker Mfg. Co.,* 59 NY2d 102). The burden then shifted to the plaintiff to establish the existence of a triable issue of fact (*see Fallon v Hannay & Son,* 153 AD2d 95).

The only evidence proffered by the plaintiff to raise a triable issue of fact as to a design defect was the affidavit of his expert, a licensed professional engineer. However, the expert failed to present evidence of any practical experience or personal knowledge in the design of carpet-cutting knives or hand tools. Moreover, the expert's opinion was not supported by any foundational facts such as actual testing of the knife, a deviation from industry standards, statistics showing frequency of injury resulting from the design of the knife, or consumer complaints.

As such, the expert affidavit was insufficient to raise a triable issue of fact that the knife was not reasonably safe in its design (*see Cervone v Tuzzolo,* 291 AD2d 426; *Ramirez v Sears, Roebuck & Co.,* 286 AD2d 428; *Goldberg v Union Hardware Co.,* 162 AD2d 658; *Merritt v Raven Co.,* 271 AD2d 859). Indeed, the record reflects that the plaintiff himself utilized the knife on a regular basis for approximately eight months to a year before the accident without any difficulty, complaint, or injury.

Having failed to submit any evidence to demonstrate that the design of the knife presented "an unreasonable risk of harm" or "a substantial likelihood of harm" to the user (*Voss v Black & Decker Mfg. Co., supra* at 107-108; *Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471, 479), the plaintiff failed to sustain his burden to raise a triable issue of fact. Accordingly, the Supreme Court properly granted Roberts's motion for summary judgment dismissing the complaint insofar as asserted against it. Santucci, J.P., Feuerstein, O'Brien and Schmidt, JJ., concur.