■ DAVID BOVA et al., Respondents-Appellants, v CATERPILLAR, INC., Respondent-Appellant, and H.O. PENN MACHINERY COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant. NORTHEAST PALLET AND CONTAINER CO., INC., et al., Third-Party Defendants-Appellants. [761 NYS2d 85] —In an action to recover damages for personal injuries, etc., (1) the defendant third-party plaintiff second third-party plaintiff, H.O. Penn Machinery Company, Inc., appeals, as limited by its notice of appeal and brief, from so much of an order and judgment (one paper) of the Supreme Court, Dutchess County (Hillery, J.), dated June 11, 2002, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and denied that branch of its separate motion which was for full indemnification by the third-party defendant, Northeast Pallet and Container Co., Inc., (2) the defendant Caterpillar, Inc., separately appeals from stated portions of the same order and judgment, (3) the third-party defendant, Northeast Pallet and Container Co., Inc., appeals from so much of the order and judgment as denied its motion for summary judgment dismissing the third-party complaint, (4) the second third-party defendant, Caterpillar Industrial,

Inc., appeals from so much of the order and judgment as denied its motion for summary judgment dismissing the second third-party complaint, and (5) the plaintiffs cross-appeal from so much of the order and judgment as granted the motion of the defendant Caterpillar, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal by the defendant Caterpillar, Inc., is dismissed, as it is not aggrieved by the order and judgment appealed from; and it is further,

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof denying the motion of the defendant third-party plaintiff second third-party plaintiff, H.O. Penn Machinery Company, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and substituting therefor a provision granting that motion, (2) deleting the provision thereof denying the motion of the third-party defendant, Northeast Pallet and Container Co., Inc., for summary judgment dismissing the third-party complaint and substituting therefor a provision granting that motion, and (3) deleting the provision thereof denying the motion of the second third-party defendant Caterpillar Industrial, Inc., for summary judgment dismissing the second third-party complaint and substituting therefor a provision granting that motion, the complaint and all cross claims are dismissed insofar as asserted against the defendant third-party plaintiff second third-party plaintiff H.O. Penn Machinery Company, Inc., and the third-party actions are dismissed; as so modified, the order and judgment is affirmed insofar as reviewed, with one bill of costs payable by the plaintiff to H.O. Penn Machinery Company, Inc., Northeast Pallet and Container Co., Inc., and Caterpillar Industrial, Inc.

Contrary to the plaintiffs' contentions, H.O. Penn Machinery Company, Inc. (hereinafter H.O.), established its prima facie entitlement to judgment as a matter of law by demonstrating that the purchaser of the subject forklift was knowledgeable about its use and the availability of optional safety features, the forklift was reasonably safe for the purpose for which it was designed without the optional safety features, and the purchaser was in the best position to weigh the benefits of having or not having the safety features (*see Scarangella v Thomas Built Buses,* 93 NY2d 655 [1999]; *Passante v Agway Consumer Prods.,* 294 AD2d 831 [2002]; *Patane v Thompson & Johnson Equip. Co.,* 233 AD2d 905 [1996]). The burden then shifted to the plaintiff to raise a triable issue of fact (*see Martinez v Roberts Consol. Indus.,* 299 AD2d 399 [2002]). The affidavit of

the plaintiff's expert, a licensed professional engineer, failed to indicate that his opinion was based on inspection of the forklift, the workplace where the accident occurred, or the failure to abide by industry standards or government regulations (*see Cervone v Tuzzolo,* 291 AD2d 426 [2002]; *Geddes v Crown Equip. Corp.,* 273 AD2d 904 [2000]). The plaintiffs therefore failed to meet their burden of raising a triable issue of fact (*see Passante v Agway Consumer Prods., supra; Geddes v Crown Equip. Corp., supra; Merritt v Raven Co.,* 271 AD2d 859, 862 [2000]).

In light of the grant of summary judgment to H.O., the third-party complaint by H.O. against the third-party defendant, Northeast Pallet and Container Co., Inc., and the second third-party complaint by H.O. against the second third-party defendant, Caterpillar Industrial, Inc. (hereinafter CII), should have been dismissed.

The Supreme Court properly granted the motion to dismiss the complaint insofar as asserted against the defendant Caterpillar, Inc. Although the name "Caterpillar" was on the forklift, the record indicates that CII, not Caterpillar, Inc., manufactured and distributed the forklift. Liability cannot be imposed on a party that was outside the chain of manufacturing, selling, or distributing a product (*see D'Onofrio v Boehlert,* 221 AD2d 929 [1995]; *Pangallo v Mitsubishi Intl. Corp.,* 220 AD2d 650 [1995]). The plaintiffs failed to proffer evidence that Caterpillar, Inc., took any part in the manufacture, sale, or distribution of the forklift. Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.