■ ANDREW WARLIKOWSKI, Respondent, v BURGER KING CORPORATION et al., Defendants, FRYMASTER, LLC, Appellant, and MIRIOL, INC., Respondent. [780 NYS2d 608]—

Motion by the plaintiff-respondent for leave to reargue an appeal from an order of the Supreme Court, Suffolk County, dated December 5, 2002, which was determined by decision and order of this Court dated March 1, 2004 [5 AD3d 378], and in effect, for clarification of the decision and order of this Court dated March 1, 2004.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the branch of the motion which is for leave to reargue is denied; and it is further,

Ordered that the branch of the motion which is, in effect, for clarification of the decision and order of this Court dated March 1, 2004, is granted, the decision and order of this Court dated March 1, 2004, in the above-entitled case is recalled and vacated, and the following decision and order is substituted therefor:

In an action to recover damages for personal injuries, the defendant Frymaster, LLC, appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 5, 2002, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the plaintiff-respondent, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff, an employee of a Burger King restaurant, sustained burns as a result of a slip and fall on ice in the restaurant's parking lot, as he and a coworker were carrying an open container of hot shortening to a disposal receptacle. The defendant Frymaster, LLC (hereinafter Frymaster), manufactured the fryer unit from which the hot shortening had been drained moments earlier. In his complaint, the plaintiff alleged, inter alia, that the fryer was defectively designed and unfit for its intended use because it failed to include, as standard equipment, an optional disposal unit for the safe transportation of hot shortening.

Contrary to the plaintiff's contentions, in support of its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, Frymaster established its prima facie entitlement to judgment as a matter of law dismissing the plaintiff's design defect cause of action. Frymaster established that the defendant Burger King Corporation (hereinafter BKC) and its franchisee were aware of and eschewed the use of the optional, wheeled, hot-shortening disposal equipment it offered, and that the fryer was reasonably safe for the purpose for which it was designed without the use of the optional shortening disposal unit. Frymaster demonstrated that BKC and its franchisee were in the best position to weigh the benefits of using Frymaster's optional product or other available specialty products for the transporting of hot shortening. Accordingly, the plaintiff's design defect claims must fail (*see Scarangella v Thomas Built Buses*, 93 NY2d 655 [1999]; *Bova v Caterpillar, Inc.*, 305 AD2d 624 [2003]). Moreover, under the circumstances of this case, Frymaster's showing also established that the fryer (without the optional shortening disposal unit) was fit for the ordinary purpose for which it was used (*see Denny v Ford Motor Co.*, 87 NY2d 248, 258-259 [1995]).

Frymaster demonstrated its prima facie entitlement to summary judgment dismissing the plaintiff's failure to warn causes of action. The service manual for the fryer contained warnings, inter alia, advising users to allow shortening to cool below 100 Fahrenheit before transporting it for disposal, and that a covered container should be used. In addition, the warning label located on the inside front door of the fryer advised users that procedures for the disposal of shortening provided in the service

manual for the fryer should be followed. The plaintiff ignored both of these warnings. Furthermore, the plaintiff was an experienced fry-cook, who had sustained burns from spattering shortening in the past, and was aware that the shortening was hot; the dangers to which the plaintiff was exposed were readily apparent. Moreover, Frymaster had no duty to warn the plaintiff of the readily discernible dangers of which he was already aware (*see Schiller v National Presto Indus.*, 225 AD2d 1053 [1996]; *see also Theoharis v Pengate Handling Sys. of N.Y.*, 300 AD2d 884 [2002]; *Mlott v Whirlpool Corp.*, 252 AD2d 990 [1998]; *Czerniejewski v Steward-Glapat Corp.*, 236 AD2d 795 [1997]; *cf. Facci v General Elec. Co.*, 192 AD2d 991 [1993]).

In opposition, the plaintiff failed to raise a triable issue of fact. The opinion of the plaintiff's engineering expert was speculative and lacked sufficient probative value to defeat summary judgment (*see e.g. Bova v Caterpillar, Inc.*, *supra*; *Martinez v Roberts Consol. Indus.*, 299 AD2d 399, 399-400 [2002]; *Cervone v Tuzzolo*, 291 AD2d 426, 427 [2002]; *Fallon v Hannay & Son*, 153 AD2d 95, 101 [1989]). S. Miller, J.P., Luciano, Adams and Cozier, JJ., concur.