■ BRET D'AUGUSTE, Appellant, v SHANTY HOLLOW CORP., Doing Business as HUNTER MOUNTAIN SKI BOWL, INC., et al., Defendants, and MARKER INTERNATIONAL et al., Respondents. [809 NYS2d 555]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, and by stipulation dated May 13, 2005, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated May 19, 2004, as granted that branch of the motion of the defendants Marker International, Marker USA, Marker Deutschland GmbH, and Marker Japan Co., Ltd., which was for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, an experienced skier, allegedly was seriously injured while skiing on a "double black diamond," or "extremely difficult," trail. Immediately after entering the trail, the plaintiff noticed that the surface consisted of ice and virtually no snow. The plaintiff attempted to exit the steeply declining trail by making a sharp right turn. When he did so, his left ski "snapped off." Left with only one ski, the plaintiff lost his balance, fell, and slid down the mountain, striking his face and head against a fence running alongside the trail. According to a "post-accident investigation report" prepared by an employee of the shop from which the plaintiff rented his ski equipment, one of the ski bindings that the plaintiff was using at the time of the accident had a "cracked heel housing."

The plaintiff commenced this action against, among others, the operator of the ski facility and several entities alleged to have designed, manufactured, or distributed the bindings that the plaintiff rented on the day of his accident, the defendants

Marker International, Marker USA, Marker Deutschland GmbH, and Marker Japan Co., Ltd. (hereinafter collectively referred to as the Marker defendants). The amended complaint asserted causes of action sounding in negligence, failure to warn, breach of express and implied warranties, and strict products liability against the Marker defendants. The Supreme Court, inter alia, granted that branch of the Marker defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. This appeal ensued.

The Supreme Court properly determined that the Marker defendants were entitled to summary judgment since, in response to their showing that the ski binding used by the plaintiff at the time of his accident was not defective, the plaintiff failed to raise a triable issue of fact. The plaintiff presented no proof as to whether the crack in the heel housing of the binding was substantial enough to have caused the plaintiff's left ski to come off, whether the crack existed before the accident, or whether the crack resulted from the impact during the accident. Indeed, the evidence in the record does not establish that the crack was in the binding attached to the left ski.

The affidavit of the plaintiff's expert failed to raise a triable issue of fact as to whether the binding in question was defective. The expert's professional background, which did not include experience in the ski equipment manufacturing industry or knowledge of ski bindings in particular, "was insufficient to lend credence to his opinions" (*Shea v Sky Bounce Ball Co.*, 294 AD2d 486, 487 [2002]; *see Romano v Stanley*, 90 NY2d 444, 452 [1997]; *Martinez v Roberts Consol. Indus.*, 299 AD2d 399 [2002]; *Cervone v Tuzzolo*, 291 AD2d 426, 427 [2002]). Moreover, the affidavit lacked probative value, since it was not supported by foundational facts, such as the results of actual testing of the binding, a deviation from industry standards, or statistics showing the frequency of consumer complaints or injuries resulting from the alleged product defect (*see Castro v Delta Intl. Mach. Corp.*, 309 AD2d 827 [2003]; *Martinez v Roberts Consol. Indus., supra*; *Cervone v Tuzzolo, supra at* 427). The affidavit's assertions regarding possible defects in the manufacturing process that could have resulted in the subsequent appearance of a crack in the binding constituted sheer speculation. Thus, the plaintiff presented no competent evidence sufficient to raise a triable issue of fact as to whether the crack in the heel housing of the ski binding either constituted or manifested a defect in the binding, which caused the release of the plaintiff's left ski.

Where, as here, the existence of a defect cannot be proved directly, a plaintiff may still prevail in a products liability action

if he or she is able to "prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to [the] defendants," thereby proving the existence of a defect circumstantially (*Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41 [2003]; *see Halloran v Virginia Chems.*, 41 NY2d 386, 388 [1977]; *D'Elia v Martin A. Gleason, Inc., Funeral Homes*, 250 AD2d 803 [1998]; *Rosa v General Motors Corp.*, 226 AD2d 213 [1996]). The Marker defendants established, through the affidavit of an engineering expert who was familiar with the design and operation of ski bindings, that a likely cause of the accident existed which was not attributable to any defect in the design or manufacturing of the binding. Specifically, based on data recorded in the post-accident investigation report, the Marker defendants' expert averred that the adjustable retention/release value for both bindings was set at a level that, according to industry standards, was far too low—meaning that the skis would be released too easily—given the plaintiff's height, weight, and advanced skiing ability. Thus, the Marker defendants established that the allegedly premature release of the left ski may well have been caused, not by a defect in the binding, but by negligence in the setting of the retention/release value for the bindings. In response, the plaintiff failed to come forward with competent evidence excluding the inappropriately low retention/release value as the cause of the accident, and thus failed to raise a triable issue of fact (*see Speller v Sears, Roebuck & Co., supra* at 42).

The plaintiff's remaining contentions are without merit or need not be reached in light of our determination. Prudenti, P.J., Schmidt, Adams and Spolzino, JJ., concur.