■ PAMELA J. CAMPBELL, Individually and as Executrix of DAVID C. CAMPBELL, Deceased, Appellant, v INTERNATIONAL TRUCK AND ENGINE CORPORATION, Formerly Known as NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION, Formerly Known as NAVISTAR INTERNATIONAL CORP., Formerly Known as INTERNATIONAL HARVESTER COMPANY, Respondent, et al., Defendants. [822 NYS2d 188]—

Appeal from an order of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered June 2, 2005. The order granted the motion of defendant International Truck and Engine Corporation, formerly known as Navistar International Transportation Corporation, formerly known as Navistar International Corp., formerly known as International Harvester Company, for summary judgment dismissing the complaint against it.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the complaint insofar as it is premised on defective design and the derivative cause of action against defendant International Truck and Engine Corporation, formerly known as Navistar International Transportation Corporation, formerly known as Navistar International Corp., formerly known as International Harvester Company, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for the conscious pain and suffering and wrongful death of decedent, who died when the tractor that he was driving turned over and crushed him. The tractor was manufactured by International Truck and Engine Corporation, formerly known as Navistar International Transportation Corporation,

formerly known as Navistar International Corp., formerly known as International Harvester Company (defendant). Plaintiff asserted two causes of action against defendant, for negligence and strict products liability, as well as a derivative cause of action. The negligence and strict products liability causes of action are premised on, inter alia, defective design and failure to warn based upon the sale of the tractor without a rollover protection structure (ROPS). The ROPS was a standard feature on the tractor but the tractor could be purchased without it. The instant tractor was purchased by a dealer from defendant without the ROPS, and decedent subsequently purchased the tractor from the dealer.

We agree with plaintiff that Supreme Court erred in granting that part of defendant's motion seeking summary judgment dismissing the complaint against defendant insofar as it is premised on defective design, and we therefore modify the order accordingly. A product "is not defective where the evidence and reasonable inferences therefrom show that [, inter alia,] the buyer is thoroughly knowledgeable regarding the product and its use and is actually aware that the safety feature is available" (*Scarangella v Thomas Built Buses*, 93 NY2d 655, 661 [1999]). Even assuming, arguendo, that decedent was "thoroughly knowledgeable regarding the product," we conclude that defendant failed to meet its initial burden of establishing that decedent was "actually aware" that the ROPS was an available safety option when he purchased the tractor (*id.*). It cannot be determined as a matter of law on the record before us that "knowledge of [the] available safety option [ ] [was] brought home to [decedent]" and that decedent elected not to purchase it (*Biss v Tenneco, Inc.*, 64 AD2d 204, 207 [1978], *lv denied* 46 NY2d 711 [1979]; *cf. Beemer v Deere & Co.*, 17 AD3d 1097, 1098 [2005]; *Cordani v Thompson & Johnson Equip. Co., Inc.*, 16 AD3d 1002, 1004-1005 [2005], *lv denied* 5 NY3d 704 [2005]; *Warlikowski v Burger King Corp.*, 9 AD3d 360, 361 [2004]). Having failed to establish actual awareness, defendant also necessarily failed to establish that decedent, "not the [defendant] manufacturer, [was] in the superior position . . . [to decide whether] to dispense with the optional safety equipment" (*Scarangella*, 93 NY2d at 661), and defendant thus failed to establish that decedent elected not to purchase the ROPS in light of "the specifically contemplated circumstances of [his] use of the product" (*id.*). We agree with defendant, however, that the court properly granted that part of defendant's motion for summary judgment dismissing the complaint against defendant insofar as it is premised on failure to warn (*see Warlikowski*, 9 AD3d at 361-362). Present—Pigott, Jr., P.J., Hurlbutt, Martoche and Green, JJ.