WILLIAM R. O'BOY et al., Appellants, v MOTOR COACH INDUSTRIES, INC., Respondent, et al., Defendant. [834 NYS2d 231]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (McGuirk, J.), dated November 22, 2005, which granted the motion of the defendant Motor Coach Industries, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court dated January 19, 2006, which, upon the order, is in favor of the defendant Motor Coach Industries, Inc., and against them, dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant Motor Coach Industries, Inc.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff William R. O'Boy was injured when, during the course of his duties as a corrections officer for the New York State Department of Corrections, he hit his head on the rear access door of a prisoner transportation bus as he entered the bus from outside. The bus was manufactured by the defendant Motor Coach Industries, Inc. (hereinafter Motor Coach).

The Supreme Court properly granted that branch of Motor Coach's motion which was for summary judgment dismissing the cause of action alleging defective design. Motor Coach demonstrated its prima facie entitlement to summary judgment on that cause of action by presenting evidence that the rear guard station access system, as designed, was reasonably safe (*see Wallach v American Home Prods. Corp.*, 300 AD2d 576, 577 [2002]; *Martinez v Roberts Consol. Indus.*, 299 AD2d 399, 399 [2002]; *Aghabi v Sebro*, 256 AD2d 287, 288 [1998]; *Pigliavento v Tyler Equip. Corp.*, 248 AD2d 840, 841 [1998]).

In opposition, the plaintiffs submitted the expert affidavit of a licensed professional engineer. However, as Motor Coach correctly argues, the plaintiffs' expert failed to establish that he was qualified to render an opinion as to the alleged defective design of the bus. An expert is qualified to proffer an opinion if he or she is "possessed of the requisite skill, training, educa-

tion, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" (*Matott v Ward*, 48 NY2d 455, 459 [1979]; *Miele v American Tobacco Co.*, 2 AD3d 799, 802 [2003]; *Hofmann v Toys "R" Us, NY Ltd. Partnership*, 272 AD2d 296, 296 [2000]). Here, the expert failed to present evidence that he had any practical experience with, or personal knowledge of, the rear access system of a bus such as the one at issue here, nor did the expert demonstrate such personal knowledge or experience with bus design or manufacture in general (*see Rosen v Tanning Loft*, 16 AD3d 480, 481 [2005]; *Martinez v Roberts Consol. Indus.*, *supra* at 399-400; *Hofmann v Toys "R" Us, NY Ltd. Partnership*, *supra* at 296; *Merritt v Raven Co.*, 271 AD2d 859, 862 [2000]). Accordingly, his affidavit was insufficient to raise a triable issue of fact.

In addition, the Supreme Court properly granted that branch of Motor Coach's motion which was for summary judgment dismissing the cause of action alleging failure to warn. There is no duty to warn of an open and obvious danger of which the product user is actually aware or should be aware as a result of ordinary observation or as a matter of common sense (*see Jones v W + M Automation, Inc.*, 31 AD3d 1099, 1101-1102 [1997]). In opposition to Motor Coach's prima facie showing of entitlement to judgment as a matter of law on this cause of action, the plaintiff failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit. Miller, J.P., Mastro, Ritter and Balkin, JJ., concur.