■ ANGELINA RINALDI, Individually and as Mother and Natural Guardian of ETERNITY ALVARADO, an Infant, Appellant, v EVENFLO COMPANY, INC., et al., Respondents, et al., Defendant. [906 NYS2d 52]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Agate, J.), dated June 3, 2009, which granted the motion of the defendants EvenFlo Company, Inc., and Toys "R" Us for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff, the mother of the subject infant (hereinafter Eternity), bought an EvenFlo Snugli Soft Baby Carrier (hereinafter the carrier) from a Toys "R" Us store. The instructions

told the user to "Buckle both side entry buckles securely. To buckle the side entry buckles, place buckle under lip and push down until center tab snaps into place. You will hear a click." The plaintiff used the carrier to carry Eternity, born on December 30, 2002, approximately five times over the course of a month, without incident. On February 2, 2003, the plaintiff strapped the carrier onto the front of her body, then sat down to place Eternity in the carrier. The plaintiff buckled, or "snapped," both sides closed and both buckles made loud snapping noises. She then pulled on both of the buckles, making sure that they were secure. The plaintiff then stood up and started walking, but the left buckle on the carrier opened and Eternity fell, allegedly sustaining injuries.

Thereafter, the plaintiff, individually and on behalf of Eternity, commenced this action against, among others, EvenFlo Company, Inc., and Toys "R" Us (hereinafter together the defendants), alleging that the carrier was defectively manufactured and/or designed, and that they failed to warn her regarding the use of the carrier. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that the carrier was not defectively designed or manufactured and that the warnings were sufficient. The Supreme Court granted the defendants' motion. We affirm.

There are three distinct claims for strict products liability: "(1) a mistake in manufacturing . . . (2) an improper design . . . or (3) an inadequate or absent warning for the use of the product" (*Lancaster Silo & Block Co. v Northern Propane Gas Co.*, 75 AD2d 55, 61-62 [1980]; *see Sukljian v Ross & Son Co.*, 69 NY2d 89 [1986]; *Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 478-479 [1980]). Here, the defendants established, prima facie, their entitlement to judgment as a matter of law. In support of their motion, the defendants submitted, inter alia, the deposition testimony of EvenFlo's director of technical services, Charles Roos, who also was a mechanical engineer. Roos testified that, among other things, he examined the carrier after the accident and found it to be working properly. Roos further testified that the carrier met or exceeded all applicable laws, regulations, and industry standards. The defendants also submitted the plaintiff's deposition testimony wherein she averred that she had read the carrier's instruction manual which directed users to ensure that the carrier's buckles were secured prior to use. Thus, the evidence submitted by the defendants established, prima facie, that the carrier was not defectively manufactured or designed, and that the defendants had not failed to warn the plaintiff regarding the use of the carrier.

In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The plaintiff submitted an affidavit of an engineer in the field of accident reconstruction, biomechanics, and mechanical engineering, and an affidavit of a board-certified human factors psychologist. However, neither expert presented evidence that he had any practical experience with, or personal knowledge of, baby carriers such as the one at issue here, and neither expert demonstrated such personal knowledge or experience with baby carrier design or manufacture in general. Accordingly, the affidavits submitted by the plaintiff were insufficient to raise a triable issue of fact (*see O'Boy v Motor Coach Indus., Inc.*, 39 AD3d 512, 513-514 [2007]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Eng, Leventhal and Roman, JJ., concur.