■ GEORGE H. LEICHT, Respondent, v CITY OF NEW YORK DEPARTMENT OF SANITATION, Defendant, and MACK TRUCKS, INC., Defendant/Third-Party Plaintiff-Appellant-Respondent. TRUIS, INC., et al., Third-Party Defendants-Respondents-Appellants. [15 NYS3d 157]—

In an action to recover damages for personal injuries, the defendant/third-party plaintiff, Mack Truck, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Landicino, J.), dated July 10, 2013, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the third-party defendants, Truis, Inc., and Wausau Equipment Company, Inc., separately cross-appeal, as limited by their respective briefs, from so much of the same order as denied their separate motions for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against each of them.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs payable to the defendant/third-party plaintiff by the plaintiff, and one bill of costs payable to the third-party defendants by the defendant/third-party plaintiff, the motion of the defendant/third-party plaintiff for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted, and the separate motions of the third-party defendants for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against each of them is granted.

The plaintiff drove a sanitation truck, a class 8 heavy duty vehicle manufactured by the defendant third-party plaintiff, Mack Trucks, Inc. (hereinafter Mack), for the defendant City of New York Department of Sanitation (hereinafter the City). On

May 17, 2006, while driving the subject vehicle on Wilson Avenue in Brooklyn and traveling between 15 and 20 miles per hour, the plaintiff saw a child run in front of the vehicle. To avoid hitting the child, he turned the vehicle's steering wheel to the left as hard as he could, causing the vehicle to strike an elevated train support pillar. As a result of the collision, the plaintiff's lower left leg was pinned in the vehicle and crushed, necessitating a below-the-knee amputation.

The plaintiff commenced this action against, among others, Mack, seeking to recover damages, inter alia, for negligence and strict products liability for design defect and failure to warn. Mack commenced a third-party action against Truis, Inc. (hereinafter Truis), and Wausau Equipment Company, Inc. (hereinafter Wausau), the distributor and manufacturer, respectively, of the vehicle's bumper assembly.

The Supreme Court should have granted Mack's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In response to Mack's prima facie showing of its entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. Although the plaintiff submitted an expert affidavit from an engineer, the expert failed to establish that he was qualified to render an opinion as to the alleged defective design of the class 8 heavy duty vehicle. An expert is qualified to proffer an opinion if he or she is "possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" (*Matott v Ward*, 48 NY2d 455, 459 [1979]; *see O'Boy v Motor Coach Indus., Inc.*, 39 AD3d 512, 513-514 [2007]; *Miele v American Tobacco Co.*, 2 AD3d 799, 802 [2003]; *Hofmann v Toys "R" Us, NY Ltd. Partnership*, 272 AD2d 296, 296 [2000]). Here, the expert failed to present evidence that he had any practical experience with, or personal knowledge of, the vehicle at issue, and the expert also failed to demonstrate such personal knowledge or experience with the design or manufacture of class 8 heavy duty vehicles in general (*see Rosen v Tanning Loft*, 16 AD3d 480, 481 [2005]; *Martinez v Roberts Consol. Indus.*, 299 AD2d 399, 399-400 [2002]; *Hofmann v Toys "R" Us, NY Ltd. Partnership*, 272 AD2d at 296; *Merritt v Raven Co.*, 271 AD2d 859, 862 [2000]). Moreover, the expert's affidavit, attributing the accident to the defective design of the vehicle, the lack of certain safety devices in the vehicle, and the failure to warn that injury could potentially occur as a result of a head-on collision, was speculative and conclusory and, therefore, insufficient to raise a triable issue of fact (*see Poelker v Swan Lake Golf Corp.*, 71 AD3d 857 [2010]).

In light of our determination that Mack was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it, the third-party complaint and all cross claims asserted against Truis and Wausau must be dismissed (*see Gdanski v 5822 Broadway Assoc., LLC*, 116 AD3d 658 [2014]; *DePascale v E&A Constr. Corp.*, 74 AD3d 1128, 1131 [2010]; *Neidhart v K.T. Brake & Spring Co.*, 55 AD3d 887, 889 [2008]). Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.