Mariani v Guardian Fences of WNY, Inc. (2021 NY Slip Op 02906)





Mariani v Guardian Fences of WNY, Inc.


2021 NY Slip Op 02906


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


315 CA 20-00220

[*1]KEITH MARIANI AND JULIE MARIANI, PLAINTIFFS-RESPONDENTS-APPELLANTS,
v
GUARDIAN FENCES OF WNY, INC., ET AL., DEFENDANTS, WEST-HERR DODGE LLC, AND WEST-HERR AUTOMOTIVE GROUP, INC., DEFENDANTS-APPELLANTS-RESPONDENTS. 






LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (RICHARD S. POVEROMO OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS. 


 Appeal and cross appeal from an order and partial judgment (one paper) of the Supreme Court, Erie County (Mark A. Montour, J.), entered January 22, 2020. The order and partial judgment, among other things, granted in part and denied in part the motion of defendants West-Herr Dodge LLC and West-Herr Automotive Group, Inc., for, inter alia, summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order and partial judgment so appealed from is unanimously modified on the law by denying that part of the motion of defendants West-Herr Dodge LLC and West-Herr Automotive Group, Inc. with respect to the strict products liability cause of action against them insofar as it is predicated on the theory of defective design and reinstating that cause of action to that extent, and as modified the order and partial judgment is affirmed without costs.
Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Keith Mariani (plaintiff) when a truck owned by his employer backed over him. The truck was purchased by plaintiff's employer from West-Herr Dodge LLC and West-Herr Automotive Group, Inc. (defendants) and did not have a backup alarm. As relevant here, plaintiffs asserted causes of action for negligence and strict products liability against defendants, and defendants moved for, inter alia, summary judgment dismissing the complaint against them. Defendants now appeal and plaintiffs cross-appeal from an order and partial judgment that, among other things, granted in part defendants' motion and dismissed the strict products liability cause of action against defendants.
Plaintiffs contend on their cross appeal that Supreme Court erred in granting the motion with respect to the strict products liability cause of action insofar as it is predicated on the theory of defective design. We agree, and we therefore modify the order and partial judgment accordingly. We note that plaintiffs abandoned any challenge to the granting of the motion with respect to that cause of action insofar as it is predicated on a theory of a manufacturing defect or failure to warn because they did not raise any such contention in their brief (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Where, as here, a plaintiff buyer claims that a product without an optional safety feature is defectively designed because the feature was not included as a standard feature, the product is not defective if "(1) the buyer is thoroughly knowledgeable regarding the product and its use and is actually aware that the safety feature is available; (2) there exist normal circumstances of use in which the product is not unreasonably dangerous without the optional equipment; and (3) the buyer is in a position, given the range of uses of the product, to balance the benefits and the risks of not having the safety device in the specifically contemplated circumstances of the buyer's use [*2]of the product" (Scarangella v Thomas Built Buses, 93 NY2d 655, 661 [1999] [emphasis omitted]). Here, defendants submitted the deposition testimony of plaintiff's employer, who testified that, at the time he bought the truck that was involved in the accident, he "didn't know" that a backup alarm was available as an option, thereby raising an issue of fact whether he was actually aware of its availability (see Campbell v International Truck & Engine Corp., 32 AD3d 1184, 1185 [4th Dept 2006]). Because defendants failed to satisfy their initial burden with respect to the first part of the Scarangella test, we need not consider the second or third parts (see Passante v Agway Consumer Prods., Inc., 12 NY3d 372, 381-382 [2009]).
Although defendants also moved for summary judgment on the ground that the truck met all federal, state, and industry safety standards, we conclude that defendants failed to meet their initial burden of establishing entitlement to judgment as a matter of law on that ground inasmuch as they failed to submit evidence demonstrating that the truck was reasonably safe (cf. Beechler v Kill Bros. Co., 170 AD3d 1606, 1607-1608 [4th Dept 2019], lv denied in part and dismissed in part 34 NY3d 973 [2019]; Kiersznowski v Gregory B. Shankman, M.D., P.C., 67 AD3d 1366, 1367 [4th Dept 2009]; see generally Voss v Black & Decker Mfg. Co., 59 NY2d 102, 107 [1983]). Because defendants failed to meet their initial burden, we need not consider the sufficiency of plaintiffs' opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
In light of that determination, we reject defendants' contention on their appeal that the court erred in denying their motion with respect to the negligence cause of action against them. As defendants correctly concede, " 'there is almost no difference between a prima facie case in negligence and one in strict [products] liability' " (Beechler, 170 AD3d at 1608; see Adams v Genie Indus., Inc., 14 NY3d 535, 543 [2010]). Defendants' contention that plaintiff was the sole proximate cause of his injuries is not properly before us because defendants did not raise it before the motion court (see Ciesinski, 202 AD2d at 985).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court