Arcangeli v Global Indus., Inc. (2025 NY Slip Op 02519)

Arcangeli v Global Indus., Inc.

2025 NY Slip Op 02519

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, NOWAK, AND HANNAH, JJ.

826 CA 23-01463

[*1]KATHY ARCANGELI, AS ADMINISTRATOR OF THE ESTATE OF JAY EMERY ARCANGELI, DECEASED, PLAINTIFF-APPELLANT,
v
GLOBAL INDUSTRIES, INC., AS SUCCESSOR IN INTEREST TO HUTCHINSON MAYRATH, INC., AND/OR MAYRATH INDUSTRIES, INC., AND/OR ROYAL INDUSTRIES, INC., DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. (APPEAL NO. 1.) 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
BARCLAY DAMON LLP, ROCHESTER (DAVID M. FULVIO OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered August 30, 2023. The order granted the motion for summary judgment of defendant Global Industries, Inc., as successor in interest to Hutchinson Mayrath, Inc., and/or Mayrath Industries, Inc., and/or Royal Industries, Inc. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion of defendant Global Industries, Inc., as successor in interest to Hutchinson Mayrath, Inc., and/or Mayrath Industries, Inc., and/or Royal Industries, Inc., is denied, and the complaint is reinstated against that defendant.
Memorandum: While plaintiff's decedent was working on his family farm he became entangled in a grain auger and sustained fatal injuries. Thereafter, plaintiff commenced this action against defendant Global Industries, Inc., as successor in interest to Hutchinson Mayrath, Inc., and/or Mayrath Industries, Inc., and/or Royal Industries, Inc. (Global), and Lea Michael Hares, Frances M. Hares, and Jesse James Hares, individually and/or collectively doing business as Hares Farms (collectively, Hares defendants), seeking to recover damages. As relevant, plaintiff asserted causes of action against Global for negligent design (first cause of action), strict products liability based on defective design (second cause of action), and strict products liability based on failure to warn (third cause of action). Plaintiff asserted a cause of action against the Hares defendants for negligence, alleging that the Hares defendants failed to warn decedent of a safety defect, i.e., that a guard shield was missing from the auger (fourth cause of action), and a wrongful death cause of action against all defendants (fifth cause of action). In appeal No. 1, plaintiff appeals from an order granting the motion of Global for summary judgment dismissing the complaint against it. In appeal No. 2, plaintiff appeals from an order granting the motion of the Hares defendants for summary judgment dismissing the complaint against them. We reverse in both appeals.
The subject grain auger was originally manufactured by a division of Global. The Hares defendants purchased the auger at some point between 2012 and 2014 from another individual who had purchased the auger at auction and, after using the auger for a few months, they decided to sell it to decedent in June 2014. Certain guards that covered a connection point on the auger (connection point) were in place on the auger when the Hares defendants bought it, but not at the [*2]time of decedent's accident. In 2019, decedent was using the auger to transfer grain when he became entangled at the connection point where there was no guard.
In appeal No. 1, plaintiff contends that Supreme Court erred in granting Global's motion with respect to the second and third causes of action, for strict products liability based on design defect and failure to warn, respectively. We agree. "A cause of action in strict products liability lies where a manufacturer places on the market a product which has a defect that causes injury," and a defect may consist of defective manufacturing, defective design, or a failure of the manufacturer to provide adequate warnings about the use of the product (Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d 471, 478-479 [1980]). With respect to the alleged design defect, Global had the burden of establishing "through the affidavit of a person with qualifications, experience, or personal knowledge in the design, manufacture or use of the product that the product complied with all applicable industry standards . . . , and that the product was reasonably safe for its intended use when it was manufactured consistent with those industry standards" (Chamberlain v MAC Trailer Mfg., Inc., 128 AD3d 1336, 1337-1338 [4th Dept 2015] [internal quotation marks omitted]). Here, Global failed to meet its initial burden with respect to the second cause of action because the expert affidavit submitted by it was insufficient to establish that the auger "was manufactured in accordance with industry standards in effect at the time of manufacture" (Steinbarth v Otis El. Co., 269 AD2d 751, 752 [4th Dept 2000]; cf. Beechler v Kill Bros. Co., 170 AD3d 1606, 1607-1608 [4th Dept 2019], lv denied in part & dismissed in part 34 NY3d 973 [2019]; Terwilliger v Max Co., Ltd., 137 AD3d 1699, 1702 [4th Dept 2016]). Additionally, because Global did not establish that the auger was not defective at the time it was manufactured and sold, it could not establish entitlement to summary judgment based upon its substantial modification defense (see Hoover v New Holland N. Am., Inc., 23 NY3d 41, 56 [2014]). Inasmuch as Global failed to meet its initial burden with respect to the second cause of action, we need not consider the sufficiency of plaintiff's opposing papers with respect thereto (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Mariani v Guardian Fences of WNY, Inc., 194 AD3d 1380, 1381-1382 [4th Dept 2021]).
We also agree with plaintiff that the court erred in granting that part of the motion with respect to the third cause of action, for strict products liability based on failure to warn. "The duty of a manufacturer to provide instructions and warnings on the proper and safe use of its product extends to persons exposed to a foreseeable and reasonable risk of harm by the failure to warn . . . A manufacturer may also be liable for failure to warn of the consequences of using its machine when original safety devices are rendered inoperative . . . Moreover, manufacturer liability for a failure to warn will exist even in the presence of substantial modification of the product" (Gian v Cincinnati Inc., 17 AD3d 1014, 1016 [4th Dept 2005] [internal quotation marks omitted]). Even assuming, arguendo, that Global met its initial burden on the motion with respect to the third cause of action, we conclude that plaintiff raised a triable issue of fact by submitting an affidavit from an expert who opined that the warning labels were inadequate (see Repka v Arctic Cat, Inc., 20 AD3d 916, 918 [4th Dept 2005]; Oliver v NAMCO Controls, 161 AD2d 1188, 1189-1190 [4th Dept 1990]; see generally Houston v McNeilus Truck & Mfg., Inc., 115 AD3d 1185, 1187 [4th Dept 2014]).
We likewise conclude that the court erred in granting the motion with respect to the first cause of action, for negligent design.
" '[I]nasmuch as there is almost no difference between a prima facie case in negligence and one in strict [products] liability,' " we conclude that for the same reasons set forth above regarding the second cause of action Global failed to meet its burden on the motion with respect to the cause of action for negligent design (Beechler, 170 AD3d at 1608; see Mariani, 194 AD3d at 1382; cf. Menear v Kwik Fill, 174 AD3d 1354, 1357 [4th Dept 2019]).
In appeal No. 2, assuming, arguendo, that the Hares defendants met their initial burden on the motion with respect to the fourth cause of action, for failure to warn, we conclude that plaintiff raised a triable issue of fact whether the hazard was open and obvious and thus whether the Hares defendants owed decedent a duty to warn. "Even casual sellers owe a duty to warn of dangers that are not open and obvious or readily discernable . . . The determination of [w]hether a hazard is open and obvious cannot be divorced from the surrounding circumstances . . . A condition that is ordinarily apparent to a person making reasonable use of [their] senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (Rosario v Monroe Mech. Servs., Inc., 158 AD3d 1155, 1157 [4th Dept 2018], lv dismissed 31 [*3]NY3d 1067 [2018] [internal quotation marks omitted]). " '[W]here reasonable minds might disagree as to the extent of plaintiff's knowledge of the hazard, the question is for the jury' " (Johnson v Delta Intl. Mach. Corp., 60 AD3d 1307, 1308 [4th Dept 2009]; cf. Breau v Burdick, 166 AD3d 1545, 1548-1549 [4th Dept 2018]). Here, issues of fact exist whether the Hares defendants negligently failed to warn decedent of a danger that was not open and obvious.
Finally, in appeal Nos. 1 and 2, we conclude that, in light of our determination, the court erred in granting defendants' respective motions with respect to the wrongful death cause of action (see generally EPTL 5-4.1 [1]; Freeland v Erie County, 204 AD3d 1465, 1467 [4th Dept 2022]; Bulman v P & R Enter., 17 AD3d 1139, 1140 [4th Dept 2005]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court